**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTRELLE FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-1097 HEA |
| | ) | |
| DOORDASH ESSENTIALS, LLC., | ) | |
| *d/b/a Doordash*, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Artrelle Fowler's Motion to Remand. (ECF No. 15). Defendants DoorDash Essentials, LLC and Jerod Wright oppose the motion. For the reasons set out below, the motion to remand will be denied.

### I.   Background

Plaintiff Artrelle Fowler filed this action in the Circuit Court of St. Louis County, Missouri, against DoorDash Essentials, LLC ("Doordash") and Jerod Wright, an individual.  In his state court Petition, Plaintiff alleges that he was an employee of Doordash.  He further alleges that he is a dark-complected, African-American male and while he was employed at Doordash, his supervisor, Defendant Wright, wrote a racially derogatory text that was directed at African Americans.

Plaintiff alleges that he complained about the text, and that after making his complaint, he was retaliated against and was fired.

Plaintiff brings the following three counts in his Petition against Doordash: "Racial Discrimination," "Color Discrimination," Retaliation, and Hostile Work Environment. (Counts I, II, III, and V). All three counts are brought under the Missouri Human Rights Act ("MHRA"). Plaintiff also brings a common law "Garden Variety Emotional Distress" claim against Defendant Wright. (Count IV). All five of Plaintiff's claims are brought under state law. There are no federal claims in this suit.

On July 25, 2025, Defendants removed the cause of action to this Court.  In their Notice of Removal, Defendants aver this Court has original jurisdiction over the dispute pursuant to 28 U.S.C. § 1332, "because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest."  (ECF No. 1 at 2).  Defendants aver Plaintiff is a citizen of Missouri, Doordash is a citizen of Delaware and California, and Defendant Wright is a citizen of Kansas. Defendants also contend in their Notice of Removal that any claim against Defendant Wright is preempted by the MHRA, and that Defendant Wright was fraudulently joined and, therefore, his citizenship should be disregarded for purposes of diversity jurisdiction.

Plaintiff filed a motion to remand. Plaintiff argues that complete diversity of citizenship does not exist because Plaintiff and Defendant Wright share Missouri citizenship.   Plaintiff also argues that Defendants have not established that the requisite amount in controversy for diversity jurisdiction to exist in this case.

## II.    *Legal Standard*

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). In general, a defendant may rely on one of two types of federal subject matter jurisdiction to remove a case to federal court: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331.

There is diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). Diversity jurisdiction requires "complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).   "In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for

removal is filed." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (quoted case omitted). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

The amount in controversy must be proved by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B).   When a case is removed, the removing party need not provide evidence of the amount in controversy is its Notice of Removal. *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). A defendant is not required to submit evidence establishing federal-court jurisdiction "unless the plaintiff or the court questions the defendant's claim of jurisdiction."   *Id.* The notice of removal, "'need include only a plausible allegation' that the jurisdictional requirements are met." *Id.* (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).   When a plaintiff challenges that there is diversity jurisdiction, the defendant may show evidence of the amount in controversy by "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3). The Eighth Circuit has recognized "other papers" include "a settlement

letter or similar correspondence." *Gibson v. Clean Harbors Env't Servs., Inc.*, 840 F.3d 515, 521 (8th Cir. 2016).

The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

### III.    Discussion

#### A. Amount in Controversy

We first will address the amount in controversy.  In moving to remand, Plaintiff argues that the amount in controversy at issue in this case does not exceed $75,000.   In fact, Plaintiff contends that to date, his damages do not exceed $50,000, let alone $75,000.   Plaintiff, however, has not filed a signed stipulation as to damages.   In addition, Plaintiff argues that damages under the MHRA are subject to caps, and Plaintiff can only recover $50,000 in compensatory and punitive damages against an employer with 100 employees.

In response to Plaintiff's argument, Defendants point to two demand letters that were attached to their Notice of Removal. The first, which is dated May 30, 2023, and is signed by Plaintiff's attorney, states the following, "[g]iven the egregious nature of what occurred in the Matter, we foresee the compensatory

damages could be as high as $5 Million of higher."[1]  (ECF No. 1, Ex. 2 at 3).   The second demand letter is dated June 29, 2023, and is also signed by Plaintiff's attorney.   (ECF No. 1, Ex. 3 at 1).   In his second demand letter, Plaintiff proposes to settle the parties' dispute for $1,000,000, plus travel expenses and tuition assistance. (*Id.*)   Therefore, Defendants argue, there is evidence that the amount in controversy in this suit far exceeds $75,000.

As for the statutory limit on damages, Defendants argue that Doordash has more than 500 employees and, therefore, it is not subject to the $50,000 cap, but rather a $500,000 cap applies to Plaintiff's claims against Doordash. Mo. Rev. Stat. § 213.111.4(2)(d).   Defendants also point to the fact that in each of his five counts, Plaintiff seeks damages in excess of $25,000.

After considering the facts in this case, including the following: (1) that Plaintiff's settlement demands far exceed $75,000; (2) that Plaintiff has not stipulated that the amount of his damages is $75,000 or less; (3) that the petition's allegations include racially discriminatory conduct, the alleged use of the term n***** by a manager, and retaliation that resulted in the termination of Plaintiff's employment; and (4) that Plaintiff may be entitled to recover attorneys' fees under the MHRA, the Court finds Defendants have met their burden of establishing by a

---

[1]Plaintiff has not challenged the authenticity or admissibility of the two demand letters.

preponderance of the evidence that the amount in controversy in this action meets the jurisdictional threshold for diversity jurisdiction.  *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009); *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019).  *See also Bivens v. Geico Ins. Co.,* No. 4:24 CV 93 CDP, 2024 WL 1091793, at *2 (E.D. Mo. Mar. 12, 2024) (finding evidence of settlement demand that was above $75,000 was relevant evidence to support the court's finding that defendant had met its burden of establishing the requisite amount in controversy); *Katwala v. Badger*, No. 4:23 -CV-1230 SRW, 2023 WL 8004946, at *3 (E.D. Mo. Nov. 17, 2023) (same); *Parshall v. Menard, Inc.*, No. 4:16-CV-828 CEJ, 2016 WL 3916394, at *4 (E.D. Mo. July 20, 2016) (same).

### B. Citizenship of Defendant Wright

Plaintiff also argues the Court is without subject matter jurisdiction over this dispute because Defendant Wright is a citizen of Missouri, as is Plaintiff and, therefore, there can be no diversity of citizenship.  Plaintiff merely avers that Defendant Wright is a citizen of Kansas; he presented no evidence to support his assertion.

According to the Notice of Removal, Defendant Wright was a citizen of Kansas at the time the case was initially filed in Missouri state court and at the time

of removal.   Defendants aver, however, that after this case was removed, Defendant

Wright moved to Missouri.   Defendants argue that despite the fact Defendant

Wright has since moved to Missouri, there is diversity of citizenship in this case.

But Defendants failed to submit any evidence, such as an affidavit from Defendant

Wright, to support their assertion that Defendant Wright was a citizen of Kansas at

the time the case was filed and on the date of removal.   We will review Defendants'

alternative argument, that Defendant Wright was fraudulently joined.

### C. Fraudulent Joinder

Fraudulent joinder is an exception to the rule that complete diversity of

citizenship must exist both when the state petition is filed and when the petition for

removal is filed. *Knudson*, 634 F.3d at 976. "[A] plaintiff cannot defeat a defendant's

'right of removal' by fraudulently joining a defendant who has 'no real connection

with the controversy.'" *Id.* (quoted case omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying

defendant, [the Eighth Circuit Court of Appeals has] required a defendant seeking

removal to prove that the plaintiff's claim against the diversity-destroying defendant

has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 977 (quoting *Filla*

*v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)).   Under this standard, "if

it is clear under governing state law that the complaint does not state a cause of

action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

Plaintiff brings only one claim against Defendant Wright – a state, common-law claim for "Garden Variety Emotional Distress." (Count IV). This claim arises out of the same underlying facts as Plaintiff's claims in Counts I-II and V, which are brought under the MHRA.   The MHRA provides the exclusive remedy for conduct giving rise to an MHRA action, and Plaintiff cannot assert common law claims against his manager based on that same conduct. *Johnson v. Midwest Div. - RBH, LLC*, 88 F.4th 731, 735–36 (8th Cir. 2023) (holding common law claim for emotional distress against the plaintiff's supervisor was preempted by the MHRA, because the same factual allegations were used to support both claims). *See also State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018) (affirming denial of plaintiff's motion to amend to add common law claims against employer, "[b]ecause the MHRA fully provides for all remedies available at common law.").

The Court finds Defendant Wright has been fraudulently joined in this cause of action, and to the extent he is a citizen of Missouri, his presence does not defeat diversity jurisdiction.

### IV.   *Conclusion*

The Court finds there is federal subject matter jurisdiction in this case under 28 U.S.C. § 1332. Defendants have met their burden and have shown by a preponderance of the evidence that the proper parties to this suit are diverse, and that the amount in controversy exceeds $75,000.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Artrelle Fowler's Motion to Remand is **DENIED.**   [ECF No. 15]

Dated this 5th   day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE