# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARTRELLE FOWLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-CV-1097 HEA |
| | ) |
| DOORDASH ESSENTIALS, LLC., | ) |
| *d/b/a Doordash*, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants DoorDash Essentials, LLC and Jerod Wright's Motion to Compel Arbitration. (ECF No. 12). Plaintiff Artelle Fowler did not respond to Defendants' motion. The time to respond has expired. For the reasons that follow, Defendants' Motion to Compel Arbitration will be granted.

### *I. Background*

Plaintiff brings claims of employment discrimination and retaliation against his former employer, Defendant DoorDash Essentials, LLC ("Doordash"). He alleges the following three counts against Doordash under the Missouri Human Rights Act ("MHRA"): "Racial Discrimination," "Color Discrimination," Retaliation, and Hostile Work Environment (Counts I, II, III, and V). Plaintiff also

alleges a common law "Garden Variety Emotional Distress" claim against his former manager, Defendant Wright (Count IV).[1]

Defendants did not file an answer in this case, but rather they filed a motion to compel arbitration. In their motion, Defendants argue that Plaintiff and Doordash entered into a mutual, binding arbitration agreement that requires the parties to resolve any dispute that may arise between them through binding arbitration. Defendants move that the Court enforce the agreement and compel the parties to resolve this dispute in arbitration.

## II.  Discussion

The Federal Arbitration Act ("FAA") applies to contracts evidencing transactions "involving commerce." 9 U.S.C. § 2; *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). The FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Supreme Court has interpreted this provision broadly as exercising the full scope of Congress's commerce-clause power. *Allied–Bruce*

---

[1] In an Opinion, Memorandum, and Order dated today's date, the Court found that Plaintiff's common law claim against Defendant Wright is preempted by the MHRA, and that Defendant Wright was fraudulently joined in this suit.

*Terminix Cos. v. Dobson*, 513 U.S. 265, 273–77 (1995). Here, Plaintiff does not contest Defendants' assertion that the FAA is applicable to the contract at issue, and the Court finds the statute applies.

> Under the FAA:
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Conception*, 563 U.S. 333, 339 (2011). "[C]ourts must place arbitration agreements on an equal footing with other contracts" and enforce them according to their terms. *Id.* "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Lyster v. Ryan's Fam. Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). Accordingly, where there is an enforceable agreement to arbitrate, federal courts "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4.

"[W]hen deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of

that agreement." *Newspaper Guild of St. Louis, Loc. 36047, TNG-CWA v. St. Louis Post Dispatch, LLC*, 641 F.3d 263, 266 (8th Cir. 2011).

In their Motion, Defendants argue that Plaintiff is bound by an Arbitration Agreement that he agreed to when he accepted a position with Doordash. In support of their motion, Defendants presented evidence that on April 14, 2022, during the onboarding process, Plaintiff accessed, viewed, and affixed his electronic signature to the Arbitration Agreement, a copy of which is attached to Defendants' Memorandum in Support of their Motion to Compel Arbitration.[2] (ECF No. 13, Ex. 1-2).

The Arbitration Agreement states the following:

Except as it otherwise provides Agreement applies to any dispute arising out of or relate to your employment with DoorDash Essentials, LLC. ("Company") or relationship with any of its agents, employees, affiliates, successors, subsidiaries, assigns or parent companies or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. Except as otherwise stated in this Agreement, you and the Company agree that any legal dispute or controversy covered by this Agreement, or arising out of, relating to, or concerning the existence, scope, validity, enforceability or breach of

---

[2] A motion to compel arbitration is properly analyzed under either Fed. R. Civ. P. 12(b)(6), the motion to dismiss standard, or Fed. R. Civ. P. 56, the summary judgment standard. *City of Benkelman, Nebraska v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017). If a party presents evidence outside the pleadings, which is not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. *Id.* at 882. Plaintiff did not respond to Defendants' motion and has not objected to the admissibility or authenticity of the Arbitration Agreement. The Court will consider the evidence Defendants provided in support of their motion and will apply the summary judgment standard under Rule 56.

this Agreement, shall be resolved by final and binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") then in effect, and not by court or jury trial, to be held (unless the parties agree in writing otherwise)….

[T]his Agreement also applies, without limitation, to disputes with any entity or individual arising out of or related to … the employment relationship or the termination of that relationship, … termination, retaliation, discrimination or harassment … and claims arising under … state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation).
…

BY SIGNING AND NOT OPTING OUT OF THIS AGREEMENT, YOU ACKNOWLEDGE AND AGREE THAT YOU UNDERSTAND YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL.

(ECF No. 13, Ex. 2 at 11-14)

After review of the record, the Court finds Defendants presented evidence establishing that Plaintiff entered into a mutual, binding Arbitration Agreement with Doordash, and that the Arbitration Agreement not only covers claims by Plaintiff against Doordash, but that it also applies to Plaintiff's claims, to the extent they are valid, against Defendant Wright, Plaintiff's former manager. There is also evidence that Plaintiff's claims in this suit, which involve his employment with Doordash, are covered by the terms of the Arbitration Agreement.  Therefore, the Court finds a valid agreement to arbitrate exists, and that Plaintiff's claims fall within the scope

of that agreement.  *Newspaper Guild of St. Louis, Local 36047, TNG-CWA*, 641 F.3d at 266. The Court grants Defendants' Motion to Compel Arbitration.

The FAA requires a federal district court to stay an action pending an arbitration rather than to dismiss it.  *Smith v. Spizzirri*, 601 U.S. 472, 480 (2024) (citing 9 U.S.C. § 3).   Therefore, the Court will stay the matter pending the outcome of arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants DoorDash Essentials, LLC and Jerod Wright's Motion to Compel Arbitration is **GRANTED.** [ECF No. 12]

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending arbitration.  The parties shall provide the Court with a status report regarding the arbitration process at the conclusion of that process.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case.

Dated this 5th day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE